UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AVNON ISAHAKOV,

                      Plaintiff,

    -against-

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
d/b/a BURLINGTON COAT FACTORY,

                      Defendant.
----------------------------------------------------------------X

REPORT & RECOMMENDATION
23 CV 2121 (EK)(LB)

**BLOOM, United States Magistrate Judge:**

      Defendant removed plaintiff's personal injury case from Kings County Supreme Court on March 20, 2023, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. On April 3, 2023, the Court ordered defendant to show cause by April 17, 2023 why this matter should not be remanded to state court for lack of subject matter jurisdiction. In light of defendant's failure to respond to the Court's Order to Show Cause, it is respectfully recommended that this action should be remanded to state court.

## BACKGROUND

      On February 9, 2023, plaintiff Avnon Isakahov filed this personal injury action in the Supreme Court of the State of New York, Kings County (hereinafter "state court") against defendant Burlington Coat Factory Warehouse Corporation. ECF No. 1-1. Plaintiff alleges that he sustained injuries after falling backwards on an escalator in defendant's store. Id. On March 20, 2023, defendant removed plaintiff's action to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1.

      In the Notice of Removal, defendant asserts that removal is proper because the amount in controversy "logically" exceeds $75,000, given plaintiff's allegation that he "fell back on an escalator and sustained severe and serious injuries." ECF No. 1 ¶ 10. Plaintiff's state court

complaint did not quantify his damages, and defendant provided no document or writing that establishes the amount in controversy.

On April 3, 2023, the Court ordered defendant to show cause by April 17, 2023 why this matter should not be remanded to state court for lack of subject matter jurisdiction due to defendant's failure to establish the amount in controversy requirement. ECF No. 5. Defendant did not respond to the Court's Order to Show Cause.

## DISCUSSION

The Second Circuit has construed the removal statute, 28 U.S.C. § 1447(c), to authorize a district court to *sua sponte* remand a case at any time if it finds that it lacks subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); see also Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."); Shakour v. Fed. Republic of Ger., 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002) ("District courts must police subject matter jurisdiction on their own initiative.") (citations omitted).

"[F]ederal courts construe the removal statute narrowly." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation and citation omitted). A defendant removing a matter to federal court bears "the burden of establishing that the requirements for diversity jurisdiction [are] met." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). A federal court lacks subject matter jurisdiction in a diversity action when "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the

jurisdictional amount." Lupo, 28 F.3d at 273–74 (citation omitted). The Second Circuit has held that an action becomes removable on the basis of diversity jurisdiction only after the plaintiff serves the defendant with "a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).

      Here, defendant fails to establish that the amount in controversy requirement is met. Defendant did not provide any document or writing that states the amount in controversy. Defendant only alleges in its Notice of Removal that the amount in controversy "logically" exceeds $75,000 "based on the averments contained in the Complaint, that Plaintiff fell back on an escalator and sustained severe and serious injuries." ECF No. 1 ¶ 10. This speculative assertion is insufficient to establish the amount in controversy required for removal. Courts in this district have regularly "rejected similar generalized, 'boilerplate' allegations as a basis for asserting the amount in controversy." See Minaudo v. Sunrise at Sheepshead Bay, No. 22-CV-2579, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (remanding case to state court for failure to establish the amount in controversy where defendant offered "only the complaint's allegations and its notice of removal, which states simply the amount in controversy is met because the action involves 'serious personal injuries and ultimately the loss of a life'" and collecting cases); see also O'Neill v. Target Corp., No. 21-CV-3262, 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (remanding case where the Court could not draw a "reasonable, non-speculative conclusion about the amount in controversy" from plaintiff's list of alleged injuries).

      Plaintiff's state court complaint does not quantify the damages sought. ECF No. 1-1. Moreover, plaintiff's allegation that the damages exceed "the jurisdictional limits of all lower Courts which would otherwise have jurisdiction," ECF No. 1-1 at 5, does not establish that the amount in controversy exceeds $75,000. Valentin v. Dollar Tree Stores, Inc., No. 21-CV-3647,

2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021) (explaining that an allegation of damages exceeding lower courts' jurisdictional limits "clearly is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000, and not a reference to the federal district courts.") (internal quotation and citation omitted).

Defendant apparently did not request a supplemental demand prior to removal, "as it could have under N.Y. C.P.L.R. § 3017(c)" to obtain a statement of plaintiff's total damages. Minaudo, 2023 WL 110359, at *3; see also O'Neill, 2021 WL 2634880, at *3 ("Rather than prematurely removing the action to this Court, Defendant should have availed [it]self of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages.").

Finally, defendant was alerted of this jurisdictional deficiency in the Court's April 3, 2023 Order to Show Cause. Defendant was given the opportunity to establish that plaintiff's damages meet the amount in controversy for diversity jurisdiction. Defendant failed to respond. See Minaudo, 2023 WL 110359, at *3.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should remand this action to the Supreme Court of the State of New York, Kings County.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally

waives any further judicial review. <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42, 46 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                /S/
                                                      LOIS BLOOM
                                                      United States Magistrate Judge

Dated: May 9, 2023
       Brooklyn, New York